**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Therapy Clinic, et al., | No. CV-20-01041-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| CIGNA Healthcare of Arizona, | |
| Defendant. | |

The complaint in this action, which was originally filed in state court, alleges that K.A., a patient of Dr. Chris Komarnisky of the Chander Therapy Clinic, has an insurance policy issued by CIGNA Healthcare of Arizona ("Cigna") and that Cigna improperly failed to provide coverage for one of K.A.'s medical visits.  (Doc. 1-1 at 4.)  Cigna has now removed the action to federal court on the ground that, under ERISA, the state-law claim is considered a federal claim for purposes of the Court's subject matter jurisdiction under 28 U.S.C. § 1331.  (Doc. 1.)

Even assuming this is true, the Court harbors concerns over its subject matter jurisdiction.  Notably, K.A. isn't one of the plaintiffs identified in the complaint.  Instead, the two named plaintiffs are the Chandler Therapy Clinic and Dr. Komarnisky.  It is unclear whether either of those parties has standing, which is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Even assuming that Cigna failed to pay non-party K.A. the benefits that were owed to her under her insurance policy, it doesn't necessarily follow (at least based

on the allegations set forth in the complaint) that the Chandler Therapy Clinic or Dr. Komarnisky suffered an "injury in fact," *Lujan*, 504 U.S. at 560 —that is, that Cigna's failure to pay injured them, rather than K.A.

"The party invoking federal jurisdiction bears the burden of establishing" Article III jurisdiction.[1] *Id.* at 561. Here, the burden falls on removing Defendant Cigna.

Accordingly,

**IT IS ORDERED** that Cigna must, by June 16, 2020, (1) voluntarily remand this action, or (2) file a memorandum, not to exceed five pages, showing cause why this action should not be remanded for lack of Article III jurisdiction due to the plaintiffs' lack of standing.

**IT IS ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Justice Courts, without further notice, if Cigna does not comply with this order.[2]

Dated this 2nd day of June, 2020.

_____
Dominic W. Lanza
United States District Judge

---

[1] "Arizona's Constitution has no counterpart 'case or controversy' requirement." *Dobson v. State ex rel., Comm'n on Appellate Court Appointments*, 309 P.3d 1289, 1292 (Ariz. 2013).

[2] The Court further notes that, although individual persons may appear *pro se*, "corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Thus, to the extent Cigna is able to establish that the Court has subject matter jurisdiction over this action, Plaintiff Chandler Therapy Clinic will not be allowed to appear in this action without an attorney and will be dismissed without prejudice.